IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David A. Dalton,                                          Case No. 3:06 CV 2309

               Plaintiff,                           MEMORANDUM OPINION
                                                     AND ORDER

    -vs-                                              JUDGE JACK ZOUHARY

Providian National Bank, et al.,

               Defendants.

Defendant Providian moves for judgment on the pleadings under Fed. R. Civ. Pro. 12(c) as to Counts One, Two and Three (Doc. No. 26). As when reviewing a motion under Fed. R. Civ. Pro. 12(b), the Court must accept as true all of Plaintiff's well-pleaded facts and draw all reasonable inferences in favor of Plaintiff. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). A complaint may not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Michaels Bldg. Co. v. Ameritrust Co., N.S.*, 848 F.2d 674, 679 (6th Cir. 1988).

## COUNT ONE

Providian alleges judgment as a matter of law should be granted as to Count One because Plaintiff's Fair Credit Billing Act (FCBA) claims are time-barred by the one-year Truth in Lending Act limitation. Plaintiff's FCBA claims were first alleged in the Amended Complaint filed on January 11, 2007 (Doc. No. 22). Providian sold the debt at issue here to Portfolio in December 2005. Therefore, all of the claims against Providian arose prior to January 2006 and are time-barred unless they relate back to the original Complaint filed on August 18, 2006. Even if the claims relate back, many claims arose prior to August 18, 2005, and are still time-barred unless they are continuing

violations or equitable tolling is applied. First, we address the relation back of the Amended Complaint.

### Relation Back Doctrine

The fact that the original Complaint and Amended Complaint alleged violations of different statutes alone does not prohibit relation back under Fed. R. Civ. Pro. 15(c)(2). New legal theories or claims are allowed to relate back as long as they arise out of the same conduct, transaction or occurrence.

> Relation back is permitted of amendments that change the legal theory of the action, as it is the facts well pleaded, or the material operative facts, not the theory of recovery or legal conclusions, that state a cause of action and put a party on notice. So long as the factual circumstances upon which the amendment to the pleading is based are similar to those in the initial pleading, a change in legal theory does not create a new cause of action. Thus, the mere fact that the amendment was based on a statute and the original complaint was framed under the common law would not prevent the amendment from relating back to the complaint. *Corpus Juris Secundum*, Limiation of Actions § 290.

The conduct alleged in both the Amended Complaint and the original Complaint is Providian's attempt to collect the debt from Plaintiff. Although the original Complaint states Providian's conduct violated the Fair Debt Collection Practices Act (FDCPA) and the Amended Complaint alleges the same conduct violated the FCBA and Fair Credit Reporting Act (FCRA), the factual circumstances alleged remained the same.

Specifically, both the original Complaint and the Amended Complaint discuss the same time period -- from the date Plaintiff was notified of the account in his name until the date Providian sold the debt to Portfolio. The complaints also discuss the same general course of conduct -- Plaintiff informed Providian the account was not his and asked Providian to stop collection activities, Providian did not respond, Providian continued to "harass Plaintiff, cause him emotional harm and

2

ruin his credit rating," and Providian knowingly sold the fraudulent debt to Portfolio. While the facts alleged in the original Complaint may not have been specific enough to sustain FCBA or FCRA claims, the facts are sufficient to notify Plaintiff such claims could be brought based on Providian's handling of the account.

The original Complaint afforded Providian adequate notice of Count One in the Amended Complaint, and the Court finds no evidence Plaintiff unduly delayed filing or acted in bad faith, or that Providian was unduly prejudiced. Therefore, the Amended Complaint relates back to the original Complaint filed on August 18, 2006. All claims arising after August 18, 2005 are not time-barred and judgment is denied as to these claims.

**Continuing Violations**

For claims arising before August 18, 2005, the Court finds that there are no continuing violations, and that Plaintiff is not entitled to equitable tolling. In Plaintiff's Opposition to the Motion for Judgment on the Pleadings, Plaintiff identifies Complaint ¶70(f) as a continuing violation. Violation (f) is based upon 15 U.S.C. § 1666a(b), which states in pertinent part:

> (b) . . .
> If a creditor receives a further written notice from an obligor that an amount is still in dispute within the time allowed for payment under subsection (a) of this section, a creditor **may not report to any third party that the amount of the obligor is delinquent** because the obligor has failed to pay an amount which he has indicated under section 1666(a)(2) of this title, **unless** the creditor also **reports that the amount is in dispute and**, at the same time, **notifies the obligor** of the name and address of each party to whom the creditor is reporting information concerning the delinquency.

Pursuant to the language of § 1666a(b), a violation occurred when Providian reported the account as delinquent without satisfying the requirements of §1666a(b). It is undisputed that Providian failed to report the account as disputed or notify Plaintiff of the report to the credit reporting agency, however, these obligations are not continuing obligations. Providian's violation occurred when it

3

reported the account as delinquent without satisfying the additional requirements. This report to the credit reporting agency occurred on a specific and discrete date, which the Court may use to determine a statute of limitation violations. Accordingly, the Court finds there are no continuing violations pled by Plaintiff in Count One.

### Equitable Tolling

The Court also finds there is no basis for equitable tolling. Plaintiff argues that equitable tolling should be applied in "situations where the defendant concealed the wrong done or the violative conduct so that the potential plaintiff could not discover the claim." (Opposition p. 5) (citing *Moor v. Travelers Ins. Co.*, 784 F.2d 632 (5th Cir. 1986)). Plaintiff admits that he was aware of the procedural violations, but was not aware of the harm the violations caused. Equitable tolling requires that Providian concealed material facts and that Plaintiff exercised due diligence. Here, Plaintiff knew he had a claim and knew of Providian's violations, but there is no allegation Plaintiff exercised due diligence by monitoring his account. Accordingly, the Court finds no basis for equitable tolling.

Therefore, the Court finds the Amended Complaint relates back to the original Complaint filed on August 18, 2006. Plaintiff's claims in Count One against Providian arising prior to August 18, 2005 are barred by the one-year statute of limitations, are not equitably tolled, and do not constitute continuing violations.

Plaintiff's remaining claims against Providian are limited to those arising **after** August 18, 2005. The pleadings indicate this **may** include the following:

4

    1.        Violation (c) periodic statements sent to Plaintiff;

    2.        Violation (d) finance charges imposed;

    3.        Violations (e), (f), and (h) to the extent Providian sent reports to Credit Reporting Agencies; and

    4.        Providian's attempts to collect the debt and sale of the debt to Portfolio (Am. Compl. ¶77).

### COUNTS TWO AND THREE

Counts Two and Three allege Providian negligently and willfully violated the FCRA requirements, including the requirement to follow investigation procedures.

The FCRA does not provide a private right of action for violations of 15 U.S.C. 1681s-2(a), which occur when a creditor routinely provides inaccurate information to credit reporting agencies. However, the FCRA does provide a private right of action for violations of 15 U.S.C. 1681s-2(b), which imposes liability for willful or negligent failure to comply with FCRA requirements with respect to a customer.

Here Plaintiff alleges a failure to conduct a reasonable investigation into the accuracy of the information being furnished to the credit reporting agencies, as required under the FCRA. Plaintiff admits Providian checked with merchants to ensure a valid government ID was presented with the name "David Dalton" at the time of purchase, checked the PIN and signature on the account, checked a fingerprint, and matched the phone number of the account with the phone number Plaintiff gave to Providian in his attempts to resolve the dispute (Compl. ¶18).

5

Whether a reasonable investigation was conducted is normally a question for a fact finder. *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). "[H]owever, **summary judgment** is proper if the reasonableness of the defendant's procedures is beyond question." *Id.* (emphasis added) (citing *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001)).

The Motion before this Court is not a motion for summary judgment, but is a Motion for Judgment on the Pleadings. For the Court to find in favor of Providian, the Court must determine Plaintiff can prove no set of facts to establish the investigation was unreasonable.

Parties have cited no cases, nor has the Court found any cases in its independent research, which define, as a matter of law, what constitutes a reasonable investigation. Such an inquiry necessarily depends on the facts of each case as the requirements for a reasonable investigation may vary depending upon the type of information the creditor receives. *See Westra*, 409 F.3d at 827 (holding a reasonable investigation may require a more thorough investigation when the creditor was on notice of possible fraud or identity theft than when the creditor receives little information other than the debtor denies the account belongs to him). The Court finds it is possible for Plaintiff to provide sufficient evidence to show the actions taken by Providian were insufficient in light of the whole situation.[1]

---

[1]

While Plaintiff has only suggested one additional action Providian should have taken (Providian should have contacted Plaintiff directly to discuss the situation), other courts have found creditors are not required to contact consumers in every situation of disputed debt as part of a reasonable investigation. *Westra*, 409 F.3d at 827 (FCRA does not mandate the creditor **automatically** contact the creditor in every investigation). While contacting the creditor is not always required, the Court recognizes Plaintiff could establish facts showing this situation is one in which contacting the creditor would be part of a reasonable investigation. This is an issue more appropriately decided after the parties have had an opportunity to conduct discovery.

**CONCLUSION**

Therefore, judgment on the pleadings is denied as to Counts Two and Three, and denied-in-part and granted-in-part as to Count One.

IT IS SO ORDERED.

                                                     s/ *Jack Zouhary*
                                                     JACK ZOUHARY
                                                     U. S. DISTRICT JUDGE

                                                     June 4, 2007